IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| ENERGY FUTURE HOLDINGS CORP., et al., | : Bankruptcy Case No. 14-10979 (CSS) |
| | : (Jointly Administered) |
| Debtor. | : |
| WAYNE ENGLISH, | : |
| Appellant, | : |
| v. | : Civil Action No. 16-1331-RGA |
| ENERGY FUTURE HOLDINGS CORP., et al., | : |
| Appellees. | : |

**MEMORANDUM**

Pending before the Court is a *pro se* appeal from a December 13, 2016 Order (B.D.I. 10380)[1] entered by the United States Bankruptcy Court for the District of Delaware, disallowing Appellant's proof of claim. The Court has considered the parties' briefing (D.I. 16, 17, 19) and supplemental letters (D.I. 21, 22, 25). For the reasons that follow, the Order is affirmed.

**I.  BACKGROUND**

On April 29, 2014, Texas Competitive Electric Holdings, its parent Energy Future Holding Competitive Holdings, and certain affiliates ("Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

Appellant is a *pro se* individual who, in 2010, purchased $100,000 in aggregate principal

---

[1] The docket of the Chapter 11 cases, captioned *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (CSS) (Bankr. D. Del.), is cited herein as "B.D.I. ___."

amount of 6.55% Series R Bonds, issued by Energy Future's predecessor, TXU Corporation.

In September 2014, Appellant sold the bonds for $75,420. Appellant subsequently filed a proof of claim in connection with those bonds for $24,580—that is, the difference between the face amount of the bonds and the price for which Appellant sold them.

Debtors objected to Appellant's proof of claim on the basis that it was not valid. (B.D.I. 4784). On December 13, 2016, the Bankruptcy Court held an evidentiary hearing on Debtors' objection, at which time the parties presented evidence and argument in support of their positions. (B.D.I. 10393).

At the hearing, Appellant essentially argued that his proof of claim was valid because, although he sold his TXU bonds, he did so after Debtors filed for relief under Chapter 11. (*See id.* at 66:3–8, 67:22–68:1). In other words, Debtors owed $100,000 to Appellant at the time they filed for Chapter 11 bankruptcy. (*See id.* at 68:2). Appellant further argued that, pursuant to Texas law, he had properly mitigated his damages by selling the bonds for seventy-five cents on the dollar, at a time when the price of the bonds was fluctuating. (*See id.* at 66:5–7, 68:3–11).

Following argument, the Bankruptcy Court ruled from the bench. It sustained Debtors' objection. (*Id.* at 70:20–21). The court explained that "the bond[s], although contractual in nature and subject to a contractual indenture, are securities. And under the indenture and under the securities laws, the obligations run[] with the bond. And once the bond is sold, you no longer hold the bond or no longer are a creditor of the debtors." (*Id.* at 70:22–71:3). In other words, "once the bond is sold, there is no longer a right to payment." (*Id.* at 71:8–9). In rejecting Appellant's mitigation of damages argument, the court explained, "Mitigation of damages does not apply in a purchase and sale of securities because damages don't apply in the purchase and sale of securities." (*Id.* at 71:10–12). The court stated further, "Mitigation of damages is

completely inapplicable because we're talking about the purchase or sale of a security and damages, contract damages, simply don't arise." (*Id.* at 73:3–5).

Following the hearing, the Bankruptcy Court entered an order disallowing Appellant's proof of claim. (B.D.I. 10380). Appellant now appeals from that order.

## II. JURISDICTION & STANDARD OF REVIEW

The Court has appellate jurisdiction over all final orders and judgments from the Bankruptcy Court. *See* 28 U.S.C. § 158(a)(1).

Bankruptcy Rule 8002(a)(1) provides: "Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1).[2] The Third Circuit has held that the failure to appeal a bankruptcy court's ruling to the district court within the time period established by Bankruptcy Rule 8002 deprives the district court of jurisdiction to hear the appeal. *See In re Caterbone*, 640 F.3d 108, 113 (3d Cir. 2011).

On appeal from an order issued by the Bankruptcy Court, the Court "review[s] the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir. 1998). Abuse of discretion is found where a "court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am., UAW v. Mack Trucks, Inc.*,

---

[2] Neither subdivision (b) nor (c) is relevant here. Subdivision (b)(1) provides, "If a party timely files in the bankruptcy court any of the following motions, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion," and then lists the following motions: (A) to amend or make additional findings; (B) to alter or amend the judgment; (C) for a new trial; (D) for relief from judgment. Fed. R. Bankr. P. 8002(b)(1). Subdivision (c) refers to rules for claimants who are incarcerated. Fed. R. Bankr. P. 8002(c).

3

820 F.2d 91, 95 (3d Cir. 1987). Because the matter being reviewed involves the Bankruptcy Court's determination regarding the validity of Appellant's proof of claim, review is *de novo*.

## III.  DISCUSSION

Appellant raises two principal issues on appeal.[3] I think they can be characterized as follows: (1) whether the Bankruptcy Court erred in sustaining Debtors' objection to Appellant's proof of claim,[4] and (2) whether Debtors' Omnibus Objection to Appellant's proof of claim complied with Federal Rule of Bankruptcy Procedure 3007. Appellant did not raise the second issue in the Bankruptcy Court. Accordingly, it is deemed waived, and I may not consider it on appeal. *See Buncher Co. v. Official Comm. Of Unsecured Creditors of GenFarm LP IV*, 229 F.3d 245, 253 (3d Cir. 2000).

Additionally, the parties dispute whether Appellant's Notice of Appeal was timely filed under Federal Rule of Bankruptcy Procedure 8002. Although neither party raised the issue in the briefing, the Court requested, and the parties subsequently submitted, supplemental letters in regard to the timeliness of the appeal. (D.I. 21, 22, 25). Because the Notice must have been timely filed in order for this Court to have jurisdiction over the appeal, *see Caterbone*, 640 F.3d at 113, I will address the timeliness issue first.

---

[3] In his opening brief, Appellant sets forth five issues. Issues one through four are essentially the same, however. Thus, I think there are really two issues presented in this appeal.

[4] Appellant's framing of what he has identified as issues one through four mischaracterizes the Bankruptcy Court's holding. Contrary to Appellant's characterizations, the court did not find Appellant's claim was invalid "because he mitigated his damages," "because he followed Texas law in mitigating his damages," "because he followed the general law of damages which included the duty to mitigate damages," or "when he had mitigated his damages as an Affirmative Defense." (*See* D.I. 16 at 7–8). Rather, the court found Appellant did not have a valid claim against Debtors because once he sold the bonds, he no longer had a right to payment. (*See* B.D.I. 10393 at 70:20–71:9). As to mitigation of damages, the court stated that it simply did not apply. (*Id.* at 70:10–12).

4

### A. Timeliness of Appellant's Notice of Appeal

Fourteen days from the date of entry of the December 13, 2016 Order was December 27, 2016.[5] According to the date stamp on Appellant's Notice of Appeal, the Notice was filed with the Bankruptcy Court clerk on December 29, 2016 (B.D.I. 10455), two days after the fourteen-day period under Bankruptcy Rule 8002(a) had expired.

In arguing that his appeal was timely filed, Appellant points to various facts, in support of which he has provided United States Postal Service tracking information. (D.I. 21, Exh. 1). In particular, Appellant maintains that USPS attempted to deliver his Notice of Appeal to the Bankruptcy Court on December 27, 2016 at 1:01 p.m. (*Id.* at 2). Further, USPS left a notice at the clerk's office when delivery was unsuccessful at that time. (*Id.*). Then, according to Appellant, USPS delivered his Notice of Appeal "on a second attempt" later that same day.[6] (*Id.*).

---

[5] In his December 21st letter, Appellant argues that, pursuant to Bankruptcy Rule 9006(f), three days should be added to the prescribed time for filing of the Notice of Appeal. (D.I. 21 at 2). Accordingly, he maintains, the Notice need only have been filed by December 30, 2016. (*Id.*). Under the provisions of Bankruptcy Rule 9006(f) and Federal Rule of Civil Procedure 6(d), three days are added to a responsive deadline where service is to be accomplished by mail and notice is effective upon service. *See Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir. 1986) (stating that what is now Federal Rule 6(d) "applies only where a time period is measured from the date of service by mail, and allows a party so served additional time to respond, in order to account for the time required for delivery of the mail"). Where, as here, the time period for taking some sort of action begins to run from an event other than service—entry of the Order disallowing Appellant's proof of claim—Bankruptcy Rule 9006(f) does not extend the time within which to act. Thus, the period to file the Notice of Appeal expired on December 27, 2016, not December 30, 2016. *See In re B.J. McAdams, Inc.*, 999 F.2d 1221, 1225 (8th Cir. 1993) (discussing that under Rule 9006(f), "the time to file the motions or notice of appeal runs from the entry of judgment, not from service of notice of the judgment").

[6] Appellant also points to the fact that he mailed his Notice of Appeal on December 21, 2016. He essentially argues that, under the "mailbox rule," his Notice of Appeal was timely filed since it was mailed six days before the December 27th deadline. (*See* D.I. 21 at 3; *see also* D.I. 25 at 3). Under *Houston v. Lack*, 487 U.S. 266, 276 (1988), the "mailbox rule" applies to notices of appeal filed by *pro se* individuals who are incarcerated. However, the Third Circuit has not

5

Appellant also provided to the Court a sworn affidavit to support his position that his Notice of Appeal was timely filed on the 27th. (D.I. 25, Exh. A). In his affidavit, Appellant explains that, based upon his conversations with employees at the U.S. Post Office in Delaware, he believes his Notice of Appeal was delivered to the "customer mail receptacle" at that Post Office, in which mail addressed to the Bankruptcy Court is collected before being delivered to the court. (*See id.* at ¶¶ 5, 7). Appellant maintains that his Notice of Appeal was delivered to that receptacle at 3:36 p.m. on December 27, 2016.[7] (*Id.* at ¶¶ 4, 7). Appellant states further that mail collected in the receptacle is "picked up around 8 am every non-holiday weekday morning by a service, currently 'Parcels,' and is transported to the [Bankruptcy Court]." (*Id.* at ¶ 5).

While the tracking information provided by Appellant shows that USPS attempted to deliver his Notice of Appeal at 1:01 p.m. on December 27th and left notice, it does not show that delivery was ultimately successful on the 27th. (*See* D.I. 21, Exh. 1). At most, it indicates the delivery was "On Time," with an "Updated Delivery Day" of Tuesday, December 27, 2016. (*Id.*).

Nevertheless, under the circumstances of this case, I conclude Appellant's Notice of Appeal was timely filed on December 27, 2016. As I understand it, the Bankruptcy Court was open on December 27th, the day on which USPS attempted to deliver Appellant's Notice of Appeal. I cannot explain why, despite the court's being open that day, USPS was unsuccessful in delivering the Notice when it attempted to do so at 1:01 p.m. Nor can I explain why the court

---

extended that rule to *pro se* individuals, like Appellant, who are not incarcerated. Thus, Appellant's reliance on the "mailbox rule" is misplaced. The rule does not apply in this case.

[7] Appellant represents that he spoke with the manager at the U.S. Post Office in Mesquite, Texas, who "showed [him] the computer screen, and pointed out that the item was delivered at 3:36 pm on December 27, 2016." (D.I. 25, Exh. A at ¶ 4).

6

clerk did not file Appellant's Notice of Appeal until December 29, 2016, two days after the attempted delivery. However, given that, based upon Appellant's representations, notice was left with the Bankruptcy Court clerk's office[8] on the 27th and the Notice of Appeal was delivered to the court's mail receptacle that same day, I think the Notice was effectively "filed" with the clerk within the prescribed time period. Thus, I find the Court has jurisdiction over this appeal.

### B. Bankruptcy Court's Order Disallowing Appellant's Proof of Claim

Having concluded the Court has jurisdiction over this appeal, I now consider whether the Bankruptcy Court erred in sustaining Debtors' objection to Appellant's proof of claim.

"The burden of proof for claims brought in the bankruptcy court . . . rests on different parties at different times." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). First, the claimant must allege facts sufficient to support his claim. *Id.* A properly filed proof of claim is considered "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). "In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward." *Allegheny*, 954 F.2d at 173. "The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id.* at 173–74. If the objector meets this burden, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. . . . The burden of persuasion is always on the claimant." *Id.* at 174.

---

[8] I note that while the USPS tracking information indicates a notice was left, it does not indicate where exactly that notice was left.

7

Section 101(5)(A) of the Bankruptcy Code defines a "claim" as a "right to payment." 11 U.S.C. § 101(5)(A). "[A] right to payment . . . is nothing more nor less than an enforceable obligation." *Cohen v. de la Cruz*, 523 U.S. 213, 218 (1998).

Appellant's primary argument on appeal seems to be that his claim is valid because he held the bonds when Debtors filed for relief under Chapter 11, and by selling the bonds at seventy-five cents on the dollar, he properly mitigated his damages pursuant to Texas law. (*See generally* D.I. 16). As support, Appellant cites various cases involving securities law violations and the doctrine of mitigation of damages.

The first part of Appellant's argument, related to Appellant's holding the bonds at the time Debtors filed for Chapter 11 relief, is misplaced.

"[A] security is of course transferred by its sale." *Indep. Inv'r Protective League v. Saunders*, 64 F.R.D. 564, 572 (E.D. Pa. 1974). Thus, once Appellant sold his TXU bonds, he no longer had a right to payment. *Cf. Matter of W.T. Grant Co.*, 4 B.R. 53, 77 (Bankr. S.D.N.Y. 1980) (noting "post-bankruptcy purchasers of debt securities of an entity in bankruptcy obtain allowable claims equal to the face amount of such securities"). In other words, by the time Appellant filed his proof of claim in the Bankruptcy Court, he no longer had an enforceable obligation against Debtors. It does not matter that Appellant held the bonds at the time Debtors filed petitions for relief under Chapter 11.

Further, while "the causes of action belonging to a prior holder do not pass with the transfer of [a] security," *Saunders*, 64 F.R.D. at 572, Appellant has not shown he has a cause of action against Debtors. All the cases to which Appellant cites for the proposition that "claims for violations of securities laws do not automatically travel with the security upon its sale" (D.I. 19 at 7), are inapposite. As Appellant acknowledges, those cases involved causes of action arising

8

out of securities law violations. Appellant has not alleged any violation of securities law or other wrongdoing by Debtors in this case. Appellant cites no authority, and I am unaware of any, to support his position that he is entitled to damages because he sold his Series R bonds at a loss.

Appellant's mitigation of damages argument fares no better. Because Appellant is not entitled to damages, the doctrine of mitigation of damages does not apply.

Again, all the cases to which Appellant cites are inapposite. In particular, Appellant cites various cases for the proposition that "[a] non-breaching party in bankruptcy litigation has a duty to mitigate the damages resulting from breach."[9] (D.I. 16 at 15). None of those cases, however, involved the purchase and sale of securities. Rather, they involved a non-breaching party's duty to mitigate damages in the context of breach of contract, *see, e.g.*, *In re Orion Refining Corp.*, 445 B.R. 312 (D. Del. 2011), and termination of a commercial real estate lease, *see In re Highland Superstores, Inc.*, 154 F.3d 573 (6th Cir. 1998), and a debtor's duty to mitigate damages, *see, e.g.*, *In re Oksentowicz*, 324 B.R. 628 (Bankr. E.D. Mich. 2005). While I do not disagree with Appellant that, under certain circumstances, a claimant in bankruptcy litigation may have a duty to mitigate damages, none of those circumstances apply in this case.

Thus, Appellant failed to meet his burden to show he has a valid claim. At the time Appellant filed his proof of claim, he no longer held the bonds and thus had no right to payment. Accordingly, the Bankruptcy Court did not err in sustaining Debtors' objection to Appellant's proof of claim.

---

[9] Appellant also cites various Texas state court cases related to mitigation of damages. (*See* D.I. 16 at 13–15). At the hearing on Debtors' objection to Appellant's proof of claim, there seemed to be a dispute as to whether Texas law applies. (*See* B.D.I. 10393 at 66:13–18). I need not decide whether it applies, however. Even if Texas law applied, it would not change the outcome in this case.

## IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's December 13, 2016 Order disallowing Appellant's proof of claim is **AFFIRMED**.

An appropriate order will be entered.